IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CLEYA B. WILLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) (JURY TRIAL REQUESTED) |
| | ) |
| HORRY COUNTY GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

TO THE DEFENDANT, HORRY COUNTY GOVERNMENT;

## COMPLAINT AND JURY DEMAND

The Plaintiff, Cleya B. Willard, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C., hereby complains against the Defendant, Horry County Government for Discrimination, Hostile Work Environment, and Retaliation, as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq*.) and *id.* § 1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to Federal Law.

3. This action is brought pursuant to the laws of South Carolina.

## PARTIES

4. The Plaintiff is an individual who resided in the State of South Carolina at all times relevant to this action.

5. At all relevant times to the allegation in this complaint, the Plaintiff was an employee of the Defendant in South Carolina.

6. At all times, relevant to the allegations in this complaint, the Plaintiff was employed at the Conway Facility of the Defendant.

7. On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

8. At all times, relevant to the allegations in this Complaint, the Defendant employed more than 15 persons in the State of South Carolina.

9. At all times, relevant to the allegations in this Complaint, the Defendant operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter presents a federal question.

11. Jurisdiction of this cause arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), as amended by the Civil Rights Act of 1991 (CRA *id.* § 91)

12. Jurisdiction of this Court arises under Title VII 42 U.S.C. § 2000.

13. The County of Horry is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

14. The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, hostile work environment and retaliation.

15. The Plaintiff's first charge of discrimination was filed on March 20, 2023, and set forth the following:

   I. *"That I am a former employee of the Employer. That I was hired by the Employer on 1/08/2018 as an administrative assistant. That I applied for and was promoted to a supervisor in May of 2023. That I was wrongfully terminated on March 19, 2025. That I was terminated for pretextual reasons.*

   II. *That I was discriminated against based on my race. That I performed at the legitimate expectations of my employer.*

   III. *That I have suffered discrimination. That I was the only African American women employed as a supervisor. That Management treated other Caucasian employees more favorably.*

   IV. *My direct supervisor was Elder Hucks. Hucks rarely spoke to me and rarely gave me instructions. Hucks failed to provide supervisor training despite the fact that I had requested it on several occasions.*

   V. *That I usually dealt with the women who held the position of Animal Shelter Manager (African American). When the manager went out on leave Hucks saw an opportunity to harass me.*

   VI. *On February 21, 2025, Hucks informed me that I was failing to report directly to him, failing to call dog foster parents back and creating a hostile work environment. All issues presented by Hucks were false.*

   VII. *On February 24, 2025, I met with the deputy chief and addressed Hucks behavior and the write up. I informed the deputy director I was being treated differently.*

   VIII. *After I informed the deputy director that I was being treated differently, Hucks was harassing me and that each reason provided the write up was false (I provided documentation) I was informed that I would no longer have a flexible schedule as the other supervisors (all Caucasian), I was informed that I was*

*required to work the reception desk with my staff to build relationships, and I was isolated from all employees.*

IX. *On March 12, 2025, I filed a Formal Complaint with Human Resources regarding the acts of my supervisor stating that I was being discriminated against based on my race. As a result of my formal complaint, I have been suffering from harassment, retaliation, and a hostile work environment. My employer has disciplined me for pretextual reasons and ultimately terminated my employment.*

X. *That the actions of my employer have affected the terms and conditions of my employment.*

XI. *That the hostile work environment has been severe and pervasive.*

XII. *That I have been discriminated against based on my race in violation of Title VII.*

XIII. *That I have suffered a hostile work environment and retaliation for my complaints in violation of Title VII."*

16. The Charge was transferred to the South Carolina Human Affairs Commission.

17. The South Carolina Human Affairs Commission issued its right to sue on October 23, 2025.

18. That the United States Department of Justice Civil Rights Division issued a right to sue on December 11, 2025.

19. That the Right to Sue set forth the following:

*"Dear Cleya Willard,*

*You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.*

*Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):*

> *Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.*
>
> *If you decide to file a lawsuit under the statute(s) identified above, you must file it in the appropriate court within 90 days of receiving this Notice. This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious. If you haven't already, you may want to consult with a private attorney of your own choosing and expense.*
>
> *If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Charlotte District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/charlotte/location."*

20. That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue on the Plaintiff's charge of discrimination.

## FACTUAL BACKGROUND

21. That Ms. Willard was a resident of the United States and at all relevant times the Plaintiff resided in South Carolina.

22. That Ms. Willard is an African American female.

23. Ms. Willard was employed in the Defendant's Animal Care Center.

24. The Plaintiff began her employment with the Defendant on January 8, 2018, as an Administrative Assistant.

25. That Ms. Willard was trained and supervised by Brittany Sherman.

26. Ms. Willard and Brittan Sherman were the only African American Employees at the Animal Care Center.

27. Ms. Willard supervised the front desk employees.

28. Ms. Willard was responsible for the foster program until October 2024.

29. Ms. Willard had an excellent relationship with her employees.

30. On September 13, 2024, the Plaintiff was informed that she was doing a good job by her supervisors.

31. That the Plaintiff had a good relationship with her employees.

32. The Plaintiff received a good evaluation for 2024.

33. That in 2024, the Shelter received recognition for being a no-kill shelter.

34. Sherman went out on Family Medical Leave Act.

35. Two days after Ms. Sherman went out on FMLA leave, Ms. Willard received a write up for pretextual reasons. The reasons provided to Ms. Willard that she had failed to report to her direct supervisor and failed to call dog foster parents back and that she was creating a hostile work environment.

36. That Ms. Willard was not creating a hostile work environment for her coworkers. Ms. Williard was asked by her co-workers if she wanted statements. Ms. Willard informed her co-workers that would help her out.

37. That Ms. Willard felt that the harassment that was starting was based on her race.

38. On February 12, 2025, Hucks, Operation Manager issued a verbal warning to all staff, because he stepped "in crap" in the parking lot.

39. On February 21, 2025, Ms. Willard received a written reprimand.

40. After the write up the isolation began immediately. Ms. Willard would hear the other supervisors huddled in offices whispering and laughing intentionally ostracizing Ms. Willard.

41. On February 24, 2025, Ms. Willard spoke to the Deputy Chief Justin Wyatt and Brittany Martin regarding in correct information in the written reprimand, discrimination, and retaliation. Ms. Willard arrived with several documents, schedules and information to overcome each and every reason for the discipline. Ms. Willard was informed by the Deputy Chief not to change how she was performing her position, that she was a great worked and he believed in her.

42. On February 25, 2025, Ms. Willard searched for supervisor Naomie and found her Hucks and Buckingham chilling out in a portable having a secret meeting.

43. On February 26, 2025, Ms. Willard spoke to her physician about anxiety and heart palpitations.

44. On March 6, 2025, Ms. Willard was called to the Lt.'s office to be told that there was going to be schedule change.

45. That Ms. Willard had no discipline throughout her employment.

46. On March 7, 2025, Ms. Willard called out emotionally drained from the harassment she was receiving.

47. Christal Buckingham, Lt. Horry County Government, announced Ms. Willard's schedule change to the department via email on March 8, 2025. Buckingham specifically informed the staff that the change in Ms. Willard's schedule was to support the office staff.

48. Ms. Willard was informed she was only permitted to work in her office from 8 am to 10:30 am. Ms. Willard further informed she was required to work up front at the front desk to support her staff. No other supervisors were required to work in the same space with their staff.

49. While Ms. Willard was required to work in the same space with her staff, other supervisors congregated in offices and socialized instead of performing their daily duties.

50. Ms. Willard was required to be present in the Center from 8:00 am until 5:00 pm with an hour for lunch deduction. Other Caucasian supervisors were permitted to clock in and not be present at work.

51. Ms. Willard reported these incidents to human resources.

52. That other employees mentioned to Ms. Willard the obvious different treatment that she was receiving.

53. That on March 19, 2025, the Defendant's were sent a preservation letter.

54. That on March 20, 2025, the Plaintiff filed a charge of discrimination with the EEOC.

55. That the Plaintiff was issued certain policies and procedures by the Defendant.

56. The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

57. That as a result of the Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

58. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her race in violation of Title VII and 42 U.S.C. § 1981.

59. That the Defendant, treated the Plaintiff significantly differently based on her race.

60. That the Plaintiff treated Caucasian coworkers more favorably. That no one was subjected to the same discrimiantion that the Plaintiff was subjected to.

61. That the Defendant's actions towards the Plaintiff violated the law.

62. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

63. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's race, the Plaintiff:

    a. suffered severe emotional distress;

    b. suffered future lost wages and future lost benefits;

    c. suffered economic damages;

    d. Loss of employment;

    e. Loss of Future employment;

    f. incurred attorney fees for this action;

    g. incurred costs of this action; and

    h. will incur future attorney fees and costs.

64. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

65. That the Plaintiff's employer discriminated against the Plaintiff based on her race complaints.

66. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

67. Pursuant to 42 U.S.C. § 1981A, Plaintiff also seeks compensatory damages including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

68. Pursuant to 42 U.S.C. § 1981A, Plaintiff also seeks to recover punitive damages from Defendant for discriminating against Plaintiff with malice or with reckless indifference to Plaintiff's federal protected rights.

69. Plaintiff seek all back pay and fringe benefits to which she is entitled under 29 U.S.C. § 626(b), as well future damages and liquidated damages under the act.

70. As Plaintiff is seeking damages under 42 U.S.C. § 1981A and 29 U.S.C. § 626(b) Plaintiff also demands a jury trial as to all claims properly tried to a jury pursuant to 42 U.S.C. § 1981(A)(c)(1) and pursuant to 29 U.S.C. § 626(c)(2).

71. Pursuant to 42 U.S.C. § 1988(c) and 42 U.S.C. § 2000e-5(k), Plaintiff seeks her attorney's fees in bringing this action, including expert witness fees, and further seeks her costs associated with bringing this action pursuant to 28 U.S.C. § 1920 of the Federal Rules of Civil Procedure, along with prejudgment and post-judgment interest pursuant to the law.

## FOR A FIRST CAUSE OF ACTION
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

72. That Paragraphs one (1) through seventy-one (71) are hereby incorporated verbatim.

73. That the Plaintiff an employee of the Defendant as defined by State and Federal Law pursuant to Title VII.

74. That the Defendant is an employer of the Defendant as defined by State and Federal Law pursuant to Title VII.

75. That Ms. Willard was treated differently than other individuals outside of her protected class. Other individuals that were not in Ms. Willard's protected class received more favorable terms and conditions, less or no discipline for more egregious actions, and/or more favorable assignments, raises and benefits.

76. That the Defendant was aware of the more favorable treatment by management. That the Defendant failed and refused to follow its own policies and procedures regarding discriminatory actions, discriminatory application of terms and conditions and failure to protect employees who were members of protected categories from the hostile work environment.

77. The Defendant allowed management to perpetrate actions that more favorably treated Caucasians than the African Americans in the office:

    a. Excluded Ms. Willard from key decisions regarding her essential duties and responsibilities.

    b. Undermined Ms. Willard's authority as a manager in order to Ms. Willard's name and move toward Ms. Willard's termination.

    c. Management used microaggressions and gaslighting to manipulate and inflict a hostile work environment on the Ms. Willard.

    d. Management manipulated the policies and procedures of the Defendant to inconsistently apply them to African American Employees.

    e. The Defendant would praise Caucasian employees for the work the Plaintiff performed.

78. That the Defendant allowed the Plaintiff to be discriminated against based on her race in violation of their own policies and procedures.

79. That the Plaintiff reported the discrimination. That the Defendant failed and refused to correct the behavior.

80. That the Defendant allowed the Plaintiff to be treated differently in violation of the policies and procedures of the County.

81. That the Defendant discriminated against the plaintiff based on her race.

82. That the Defendant took adverse employment action against the Plaintiff by:

    (a) Failing to protect the Plaintiff from a Racially Hostile work environment; and

    (b) Refusing to enforce its own policies concerning discipline of employees engaging in harassing comments.

    (c) Allowing the Plaintiff to be discriminated against, disciplined, and terminated from her employment.

    (d) Failing and refusing to correct the differential treatment in the office, failing and refusing to protect the Plaintiff from a Retaliatory Hostile Work Environment.

83. That the Defendant subjected the Plaintiff to discrimination in violation of the law.

84. That, as a direct and proximate result of the Defendant's intentional, unlawful, and retaliatory actions, the Plaintiff:

    (a) Suffered severe emotional distress.

    (b) Suffered lost wages and benefits.

    (c) Suffered future lost wages and benefits.

    (d) Incurred attorney's fees and costs of this action.

85. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

**FOR A SECOND CAUSE OF ACTION**

**RETALIATION FOR COMPLAINTS REGARDING DIFFERENTIAL TREATMENT BASED ON RACE**

86. That Paragraphs one (1) through eighty-five (85) are hereby incorporated verbatim.

87. That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to Title VII.

88. That the Plaintiff has made complaints regarding differential treatment to management. As a result of those complaints the Plaintiff was disciplined and terminated from employment.

89. As a result of those complaints the plaintiff has been treated differently and subjected to retaliation.

90. That the Plaintiff complained of discrimination based on her race, hostile work environment and retaliation.

91. That the Defendant retaliated against the Plaintiff by placing her in the most hostile work environment, disciplining her and terminating her from employment.

92. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

93. That the Plaintiff was considered an exemplary employee.

94. As a result of the Plaintiff's complaints regarding discrimination based on her Race and hostile work environment based on her previous complaints the Defendant retaliated against the Plaintiff.

95. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

96. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which she should be compensated.

97. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

98. That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

## FOR A THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

99. That Paragraphs one (1) through ninety (99) are hereby incorporated verbatim.

100. That the Plaintiff was an employee of the Defendant.

101. That the Defendant is an employer in accordance with Title VII.

102. That the Defendant subjected the Plaintiff to a hostile work environment.

103. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

104. The Plaintiff was subjected to discrimination based on her Race.

105. That the Defendant failed and refused to address the situation.

106. That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Race.

107. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

108. That the Plaintiff has been damaged as a result of the Defendant work environment.

109. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of discrimination;

F. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the Title VII;

G. Award to the plaintiff all damages available under South Carolina Law for violations of SCHAC law;

H. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

I. Award all damages available to the Plaintiff pursuant to Federal and State Law;

J. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in racia discrimination, disparate treatment or retaliation against plaintiff and

K. enter any other order the interests of justice and equity require.

                                 HUNT LAW LLC

                                 *s/Bonnie Travaglio Hunt*
                                 Bonnie Travaglio Hunt
                                 HUNT LAW LLC
                                 4000 Faber Place Drive, Suite 300
                                 North Charleston SC 29405
                                 Post Office Box 1845, Goose Creek, SC 29445
                                 (843)553-8709

Dated: January 6, 2026